UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

LEONARD DIMARIA,

        Defendant.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 28 2008 ★
BROOKLYN OFFICE

08-CR-76

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior District Judge:

    Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is also required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines have been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006). The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guideline sentence, such a statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On June 3, 2008, Leonard DiMaria pled guilty to a single-count superseding information which charged that between January 2006 and February 2008, DiMaria, together with others, being a person employed by and associated with a criminal enterprise, conspired to conduct and participate in that enterprise through a pattern of racketeering activity. See 18 U.S.C. §§ 1962(c) and 1963. The defendant allocuted to racketeering acts 1 and 2. Racketeering act 1 charged that between January 2006 and January 2008, DiMaria and others conspired to extort payments from John Doe #4 relating to an excavation company operated by John Doe #4, with John Doe #4's consent which was induced through wrongful use of actual force, violence and fear, in violation of 18 U.S.C. § 1951(a). Racketeering act 2 charged that between March 2007 and January 2008, DiMaria and others conspired to extort payments from John Doe #4 relating to the sale of a Staten Island cement company operated by John Doe #4, with John Doe #4's consent which was induced through wrongful use of actual and threatened force, violence and fear, in violation of 18 U.S.C. § 1951(a).

DiMaria was sentenced on September 19, 2008. The underlying superseding indictment against him was dismissed upon motion by the government. The proceeding was also videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be twenty and defendant's criminal history category to be level IV, yielding a guidelines range of imprisonment between fifty-one and sixty-three months. The offense also carried a maximum term of imprisonment of twenty years. See 18 U.S.C. § 1963(a). The guidelines range of fine was from $7,500 to $75,000. A two-level enhancement pursuant to U.S.S.G. § 2B3.2(b)(1) was applied because

2

John Doe #4 was subject to an implied threat of violence from DiMaria in light of this defendant's status in the organized crime family, which carries an aura of force, violence and threats.

DiMaria was sentenced to sixty-three months imprisonment, three years supervised release, and a fine of $75,000 payable without interest. A $100 special assessment was imposed. Full financial disclosure was ordered by the court. Restitution owed to crime victims was left to be determined at an upcoming evidentiary hearing.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). DiMaria is a seasoned defendant who cooperated with the court and the government in an effort the resolve this case involving sixty-two defendants. The seriousness of the offense is obvious: the defendant is a member of a mob which uses violence and fear to maintain a stronghold on the region's construction and other industries. The defendant has a lengthy history as a career criminal. A sentence at the top of the guideline range, sixty-three months imprisonment, reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the lengthy sentence imposed. The sentence will send a clear message that any involvement in mafia-related activities will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: October 21, 2008
      Brooklyn, New York